```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
SHENZHEN YILAIMA TECHNOLOGY CO., LTD.,              :
                                                    :
                          Plaintiff,                :
                                                    :
              -v-                                   :   25 Civ. 9097 (JPC)
                                                    :
PARTNERSHIPS AND UNINCORPORATED                     :        ORDER
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,              :
                                                    :
                          Defendants.               :
                                                    :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 2, 2025, Plaintiff Shenzhen Yilaima Technology Co., Ltd. filed a sealed request for an *ex parte* temporary restraining order against three defendants for alleged copyright infringement. On November 4, 2025, this Court denied that request because Plaintiff's verified Complaint did "nothing more than make conclusory allegations that Defendants infringed its copyrights." Nov. 4, 2025 Order at 1 (citing Compl. ¶¶ 1, 11, 18). The Court observed that Plaintiff had not "presented the Court with any evidence of Defendants' supposed infringement of its copyrights"—including "screenshots of the Infringing Listings with side-by-side comparisons to Plaintiff's works" that were purportedly attached to the verified Complaint but were instead missing—and that the closest Plaintiff got to presenting any evidence was an attachment of a "largely illegible chart purporting listing 'infringing links' and 'store links.'" *Id.* at 1-2 (citation modified). "Without more," the Court concluded, Plaintiff had not "shown a likelihood of success on the merits necessary to warrant under the circumstances the extraordinary and drastic remedy of an *ex parte* temporary restraining order." *Id.* at 2 (internal quotation marks omitted). And the Court further ordered Plaintiff, by November 7, 2025, to "show cause why continued sealing is warranted under the applicable standards in this Circuit," explaining that the "[f]ailure to do so

will result in the Court unsealing this action in its entirety without further notice." *Id.*

The Court received a letter from Plaintiff in response on November 7, 2025. In that letter, Plaintiff "reiterates its position that the Defendants are infringing on its copyrights" and thus again "requests" that this Court "issue the requested [temporary restraining order]," explaining that "the side-by-side comparison of the Plaintiff's copyrights and the Defendants['] infringing products was inadvertently not included" in the verified Complaint. November 7, 2025 Letter at 1, 4. The letter includes a table with the "aforesaid comparison," and it "requests" that this Court "read the above side-by-side comparison as part of the Verified Complaint." *Id.* at 1-4. But that table—as with the Complaint's originally attached chart of links—is "largely illegible" and "impossible to make out." November 4, 2025 Order at 2. Lastly, the letter merely "requests that the matter should be continued under seal for the reasons stated below" without providing any substantive reasons why. November 7, 2025 Letter at 1; *see also id.* at 4 ("For the reason stated above, the Plaintiff kindly requests the Honorable Court to have this matter continued as sealed.").

The Court declines Plaintiff's suggestion to read the letter's chart as part of its Complaint. Should Plaintiff wish for that chart to be considered, it should amend the Complaint and attach the chart as an exhibit or include it within the Complaint's allegations. The Court further notes that Plaintiff's ability to show a likelihood of success on the merits depends on Plaintiff providing sufficiently clear and legible evidence establishing Defendants' infringement.

Finally, because Plaintiff has failed to adequately "show cause why continued sealing is warranted under the applicable standards in this Circuit" after being warned that failing to do so would "result in the Court unsealing this action in its entirety without further notice," November 4, 2025 Order at 2, the Clerk of Court is respectfully directed to unseal this action in its entirety, including this Order.

SO ORDERED.

Dated: November 12, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge