UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SHENZHEN YILAIMA TECHNOLOGY CO., LTD.,                                   :
                                                                        :
                        Plaintiff,                                      :
                                                                        :
        -v-                                                             :          25 Civ. 9097 (JPC)
                                                                        :
PARTNERSHIPS AND UNINCORPORATED                                         :          OPINION AND ORDER
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,                                  :
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On October 13, 2025, Plaintiff Shenzhen Yilaima Technology Co. filed a sealed Complaint alleging copyright infringement against three companies based in China. *See* Dkt. 6.[1] On November 2, 2025, Plaintiff filed a sealed request for an *ex parte* temporary restraining order, Dkts. 8, 10, which this Court denied on November 4, 2025, because the Complaint did "nothing more than make conclusory allegations that Defendants infringed [Plaintiff's] copyrights" and the only evidence of infringement Plaintiff provided was a "largely illegible chart" of purported "infringing links and store links which [were] impossible to make out," Dkt. 11 at 1-2 (citation modified). The Court then received a letter from Plaintiff on November 7, 2025, which included yet another "largely illegible" chart that was not included in the Complaint, Dkt. 3 at 2, but which Plaintiff requested the Court "read . . . as part of the . . . Complaint," Dkt. 12 at 4 (November 7, 2025 letter). The Court declined that invitation on November 12, 2025, explaining that "[s]hould Plaintiff wish for that chart to be considered, it should amend the Complaint and attach the chart as an exhibit or include it within the Complaint's allegations." Dkt. 3 at 2.

---

[1] Because this case was initially filed under seal, the docket numbers do not correspond to the order in which documents were filed.

Plaintiff did not mention, let alone file, any amended Complaint until January 20, 2026, when it moved for leave to file an amended Complaint. Dkt. 21. In its motion, Plaintiff "acknowledge[d] the Court's findings that the original . . . Complaint did not include sufficiently clear and legible evidentiary support demonstrating Defendants' alleged infringement" and "further acknowledge[d] the Court's guidance that any such materials" like "side-by-side comparisons and properly presented exhibits" must "be incorporated into a pleading through amendment rather than by letter submission." *Id.* at 1. And Plaintiff made clear that it did "not seek any immediate relief by this [motion] and [would] file any further applications, if appropriate, only after the amended pleading is properly on the docket." *Id.* The very next day, January 21, 2026, the Court granted Plaintiff leave to amend its Complaint. Dkt. 22. Plaintiff, however, did not file its Amended Complaint forthwith, and indeed, on February 17, 2026, had to be "directed to file the amended complaint by March 3, 2026" by the Honorable Sarah Netburn, Dkt. 27, to whom this case had since been referred for general pretrial management, *see* Dkt. 25. Plaintiff waited to file the Amended Complaint until March 3, 2026, its very last day to do so, Dkt. 28, and after various attempted filings of that Complaint were rejected by the Clerk's Office for technical deficiencies, *see* Dkts. 28-30, it was only on April 7, 2026 that the operative Amended Complaint was filed, Dkt. 31 ("Amended Compl."). And even then, Plaintiff waited until *June 1, 2026* to file the motion for a preliminary injunction now before the Court. Dkt. 36 ("Motion").

To recount the plodding procedural history leading to the pending preliminary-injunction motion is to all but deny that motion. That is because a "preliminary injunction is an extraordinary remedy never awarded as of right," *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008), and such an extraordinary remedy—"generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights"—may be denied for "delay alone," *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Delay "in moving for preliminary injunctive relief"

2

may, "standing alone, preclude the granting of preliminary injunctive relief" since "the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief." *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (citation modified). And the Second Circuit has "found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144-45 (2d Cir. 2005); *accord Monowise Ltd. v. Ozy Media, Inc.*, No. 17 Civ. 8028 (JMF), 2018 WL 2089342, at *2 (S.D.N.Y. May 3, 2018) ("There is no bright-line rule for how much delay is too much, but courts in this Circuit typically decline to grant preliminary injunctions in the fact of unexplained delays of more than two months." (internal quotation marks omitted)). Plaintiff waited almost that long just between the filing of its operative Amended Complaint and its preliminary-injunction motion; *over four months* have passed between its initial request to file an Amended Complaint and its pending motion for a preliminary injunction, and before that two *more* months had passed between the request to file an Amended Complaint and this Court denying the initial motion for a temporary restraining order and instructing Plaintiff to supplement the record in an Amended Complaint. And while delay may not defeat a preliminary-injunction motion "where there is good reason for it, as when a plaintiff is not certain of the infringing activity or has taken additional time to examine the infringing product," *Weight Watchers Int'l*, 423 F.3d at 144-45, Plaintiff's delay here "is not so explainable," *Tough Traveler*, 60 F.3d at 968. To the contrary, Plaintiff's boilerplate motion says nary a word about why it requests a preliminary injunction *now*, as opposed to, say, seven months ago when this Court denied Plaintiff's first request for emergency relief based on the original Complaint. *See generally* Motion; Amended Compl. ¶ 23 (making conclusory assertions of irreparable harm). Such "unjustified delay . . . in itself warrants denial of [Plaintiff's] motion for preliminary injunctive relief." *Monowise*, 2018 WL 2089342, at *2. So the Court denies

3

Plaintiff's motion.

Yet Plaintiff's procedural missteps somehow do not end there.  On November 20, 2025, this Court observed that Plaintiff had "neither requested that the Clerk of Court issue summonses for each Defendant nor served any of the Defendants."  Dkt. 13 at 1-2.  Rather, Plaintiff had requested that the Court allow "service of process on Defendants via email and electronic publication pursuant to Fed. R. Civ. P. 4(f)(3)," Dkt. 9 at 4, a request this Court ultimately denied without prejudice on January 5, 2026, because Plaintiff had sought "leave to undertake additional diligence" to determine Defendants' physical addresses and thus later invoke, "if appropriate," an "exception to the Hague Convention where the address of the person to be served with the document is not known after the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so," Dkt. 20 at 1-3 (citation modified) (order explaining that the Hague Service Convention does not permit service by email on defendants based in China).  And in its January 21, 2026 order granting Plaintiff leave to file an Amended Complaint, the Court further observed "that while Federal Rule of Civil Procedure 4(m)'s ninety-day service deadline creates an exception for service in a foreign country, Plaintiff must still show due diligence that service of process was timely."  Dkt. 22 (internal quotation marks omitted).

To date, Plaintiff has not served Defendants.  Defendants, in any event, have appeared in this action, *e.g.* Dkts. 23, 26, and have moved to dismiss for insufficient service of process and failure to state a claim, Dkts. 33, 35.  In response, Plaintiff "acknowledges that actual notice does not independently cure formal service requirements," and "requests leave to undertake any additional service efforts the Court deems appropriate rather than dismissal of the action."  Dkt. 34 at 4.  The Court will allow Plaintiff to attempt to serve Defendants,[2] at which point Defendants

---

[2] Plaintiff requested an issuance of summons on November 25, 2025, Dkts. 14-16; although

can challenge—and Plaintiff must show—that service was sufficient and timely.  So the Court denies Defendants' motion to dismiss without prejudice.  (And of course, in a future motion, Defendants may also raise any merits argument for dismissal in addition to a challenge based on service.)

For the above reasons, the Court denies Plaintiff's motion for a preliminary injunction and Defendants' motion to dismiss.  The Clerk of Court is respectfully directed to close Docket Numbers 33 and 36.  In the event the Clerk's Office has not yet issued the requested summonses in this case, it is respectfully directed to do so.

SO ORDERED.

Dated: June 3, 2026
    New York, New York

JOHN P. CRONAN
United States District Judge

---

the docket does not indicate whether summonses were issued, Plaintiff does not argue that any failure to issue summons is the reason why service has yet to be effectuated, *see* Dkt. 34.