**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUHTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shenzhen Yilaima Technology Co., Ltd., | |
| Plaintiff, | Case No. 1:25-CV-09097 |
| v. | **PLAINTIFF'S NOTICE OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE TO RENEW MOTION FOR PRELIMINARY INJUNCTION** |
| PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A | |
| Defendants. | |

PLEASE TAKE NOTICE that, upon the accompanying memorandum of law and the record in this action, Plaintiff Shenzhen Yilaima Technology Co., Ltd. respectfully moves before the Honorable John P. Cronan, United States District Judge, pursuant to Local Civil Rule 6.3 and the Court's inherent authority to reconsider interlocutory orders, for reconsideration of the Court's June 3, 2026 Opinion and Order (ECF Dkt. # 37), solely to the extent that the Court denied Plaintiff's motion for a preliminary injunction on delay grounds.

Plaintiff respectfully requests that the Court reconsider that portion of June 3, 2026, Order because the preliminary-injunction record contained factual matter bearing directly on the delay analysis that Plaintiff respectfully submits was overlooked: the certified Copyright Office copies and deposit materials relied upon by Plaintiff bear a Copyright Office certification date of May 7, 2026. Plaintiff's motion for preliminary injunction was filed on June 1, 2026, shortly after those certified materials became available. The timing therefore was not tactical delay or abandonment of urgency but was tied to Plaintiff's effort to cure the evidentiary deficiencies identified by the Court and to present a clearer, certified, litigation-ready record.

In the alternative, and to the extent the Court concludes that reconsideration is not the

1

proper procedural vehicle, Plaintiff respectfully requests leave to renew its motion for preliminary injunction on a complete record, including the certified Copyright Office materials and any additional record evidence the Court deems appropriate, after completion of service or on such schedule as the Court may set.

Plaintiff further requests such other and further relief as the Court deems just and proper.

Dated: June 3, 2026

Respectfully submitted,
/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
908-560-7265
nkaushik@kaushiklex.com
*Counsel for Plaintiff*

At 11:18 a.m. on June 3, 2026, this Court denied Plaintiff's motion for a preliminary injunction because of Plaintiff's "unjustified delay" of over seven months in moving for such relief, which "undercut[] the sense of urgency that ordinarily accompanies" such a motion. Dkt. 37 at 2-3 (internal quotation marks omitted). At 1:08 p.m. that same day, Plaintiff filed a motion to reconsider that denial, purportedly because the Court "overlooked" that the certified Copyright Office materials on which Plaintiff partly relied were issued on May 7, 2026, and "[t]he timing of the preliminary-injunction motion should therefore be evaluated in light of that certification process." Dkt. 41-1 at 5. The Court overlooked nothing. As Plaintiff acknowledges, it "initiated the Copyright Office certification process on March 2, 2026," *id.* at 1-2, which was the day before Plaintiff filed an Amended Complaint *it had to be given a deadline to file* despite Plaintiff being granted leave to file an Amended Complaint on January 21, 2026, and "two *more* months had passed between the request to file an Amended Complaint and this Court denying the initial motion for a temporary restraining order and instructing Plaintiff to supplement the record in an Amended Complaint," Dkt. 37 at 1-3 (recounting "the plodding procedural history leading to the pending preliminary-injunction motion"). Such an unexplained delay alone would be grounds for denying the preliminary-injunction motion. *See id.* at 2-3. Plaintiff may ultimately receive the relief it seeks at the conclusion of the proceedings, but its "[l]ack of diligence, standing alone," belies any assertion of "irreparable harm pending trial" and thus "preclude[s] the granting of preliminary injunctive relief." *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) (*per curiam*) (internal quotation marks omitted). Plaintiff's reconsideration motion is thus denied. The Clerk of Court is respectfully directed to close Docket Number 41.

SO ORDERED.
Date: June 4, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

2